UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 1:17-cv-00005-JAW |
| SCOTT D. SPENCER and TINA M. SPENCER, | ) |
| Defendants, | ) |
| and | ) |
| CAPITAL ONE BANK N.A., | ) |
| Party-in-Interest. | ) |

**ORDER ON PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT**

On January 4, 2017, the United States filed a foreclosure complaint in this Court against Scott D. Spencer and Tina M. Spencer as Defendants and Capital One Bank N.A. (Capital One) as a party in interest. *Compl.* (ECF No. 1). The United States filed proof of service against Mr. Spencer on January 17, 2017, *Proof of Service* (ECF No. 5); proof of service against Ms. Spencer on January 20, 2017, *Proof of Service* (ECF No. 6); and an executed waiver of service against Capital One on January 31, 2017. *Waiver of the Service of Summons* (ECF No. 7).

Mr. Spencer failed to answer the Complaint, and on February 2, 2017, the United States moved for entry of default. *Req. to Clerk to Enter Default* (ECF No. 9). The Clerk entered default against Mr. Spencer on February 16, 2017. *Order* (ECF

No. 11). Meanwhile, Ms. Spencer filed an answer to the Complaint on February 8, 2017, informing the Court that she did not contest the foreclosure in any way. *Answer* (ECF No. 10). The United States subsequently confirmed that the claim against Ms. Spencer "would be resolved voluntarily through her consent to judgment of foreclosure and sale of the subject real property." *Notice Regarding Case Scheduling* at 1 (ECF No. 16). On March 7, 2017, following Capital One's failure to respond to the Complaint, the United States moved for entry of default. *Req. to Clerk to Enter Default* (ECF No. 13). The following day, the Clerk entered default against Capital One. *Order* (ECF No. 14). On April 7, 2017, the United States moved for default judgment as to Mr. Spencer and Capital One. *Mot. for Default J. as to Def. Scott D. Spencer* (ECF No. 18); *Mot. for Default J. as to Party-In-Interest Capital One Bank N.A.* (ECF No. 19).

In the context of foreclosures, once the Clerk enters a default, the Court is obligated to schedule a hearing to "determine whether there has been a breach of condition in the plaintiff's mortgage, the amount due thereon, including reasonable attorney's fees and court costs, the order of priority and those amounts, if any, that may be due to other parties that may appear and whether any public utility easements held by a party in interest survive the proceedings." 14 M.R.S. § 6322. If the Court is satisfied that a breach exists, the Court then issues a judgment of foreclosure and sale subject to the right of redemption and also sets forth the amount due and payable under the mortgage so that the mortgagor may effect the redemption. *Id.*

In its motions for default judgment, the United States requests the Court to order default judgment but fails to request the obligatory section 6322 hearing. Accordingly, the Clerk shall contact counsel for the United States to arrange a date, time, and place for the hearing. Further, the Court ORDERS the United States to provide notice to Scott Spencer and Capital One Bank N.A. of the date, time, and place of the hearing to allow them to appear, if they wish to do so, and contest the United States' claimed relief. The Court DEFERS ruling on the United States' motions for default judgment (ECF Nos. 18–19) until after the hearing.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 10th day of April, 2017