UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:17-cv-00005-JAW |
| | ) | |
| SCOTT D. SPENCER, and | ) | |
| TINA M. SPENCER, | ) | |
| Defendants, | ) | |
| | ) | |
| CAPITAL ONE BANK N.A., | ) | |
| Party-in-Interest. | ) | |

## JUDGMENT OF FORECLOSURE AND SALE

This action having been brought to recover a sum certain, to wit, the balance due on the promissory notes and mortgages plus fees and costs; and Defendant Tina M. Spencer having not opposed and consented to judgment, ECF Nos. 10 and 16-1; and Defendant Scott D. Spencer and Party-in-Interest Capital One Bank, N.A. having failed to appear in or otherwise defend the action and being subject to judgments by default; and it appearing that there is no genuine issue as to any material fact; and that the United States of America, plaintiff herein, is entitled to such judgment on the Complaint; and that Defendants are neither infants nor incompetent persons, nor in the military service of the United States, and that the total amount due to the United States, Farm Service Agency is $47,950.88, it is:

ORDERED, ADJUDGED, AND DECREED that:

1. Defendants have breached the conditions of plaintiff's mortgage.

2. There is due the United States, Farm Service Agency, the sum total of **$47,950.88**, comprising: $42,223.77 in principal and $1,217.55 in interest on the promissory notes and

mortgages as of May 2, 2017; $3,971.28 in total taxes and interest paid to the Town of Knox on the subject property; and $538.28 for title search fees and accrued interest.

    3. The United States, Farm Service Agency holds first priority in the amount of $47,950.88; Party-in Interest Capital One Bank, N.A. holds a second priority interest under the Writ of Execution recorded in the Waldo County Registry of Deeds Book 3659, Page 164 on June 20, 2012 in the amount of $1,035.01; and there are no public utility easements held by a party in interest.

    4. The real property, which is the subject of this action and judgment, is as described in the Complaint and as described in a real estate mortgages executed by Defendants recorded in the Waldo County Registry of Deeds in Book 2890, Page 267, on February 6, 2006, and in the Waldo County Registry of Deeds in Book 3531, Page 83, on March 18, 2011.

    5. If Defendants, their successors, heirs, or assigns do not pay the plaintiff the amount adjudged to be due herein within 90 days from the date of this Order, a representative of the Farm Service Agency, Department of Agriculture, on behalf of the plaintiff, shall sell the mortgaged real property at public sale pursuant to the requirements of 28 U.S.C. §§ 2001, 2002, and 2004, 14 M.R.S.A. §§ 6323, 6324, and this judgment. Notice of said sale shall be given by publishing a Notice of Sale, in a newspaper of general circulation in Waldo County, Maine, once a week for four (4) weeks. Such notice will not be published until after the expiration of the redemption period, but not later than 90 days after the expiration of the redemption period. This sale shall be held not less than thirty (30) days nor more than forty-five (45) days from the date of first publication.

    6. Defendants shall deliver possession of the real property to plaintiff within ten (10) days after the foreclosure sale.

7. The mortgagee, in its sole discretion, may allow the mortgagor to redeem or reinstate the loan after the expiration of the period of redemption but before the public sale. The mortgagee may convey the property to the mortgagor (redemption) or execute a waiver of foreclosure (reinstatement) and all other rights of all other parties shall remain as if no foreclosure had been commenced.

8. The plaintiff will enter a minimum bid at the foreclosure sale. If it is the successful bidder, it need not remit any funds to the Marshal, provided its bid does not exceed the amount due on its mortgage, costs of this action, and the expenses of sale. The Marshal shall then deliver a deed conveying the mortgaged premises to the purchaser on behalf of the plaintiff. Such deed shall convey the premises free and clear of all interests of Defendant and any person who may have acquired an interest in the premises after the time that the Court's Certificate with respect to this action was filed in the Waldo County Registry of Deeds. Thereafter, every person shall be forever barred and foreclosed of all rights, claims, liens, and equity of redemption in the mortgaged real property.

9. If someone other than the plaintiff is the successful purchaser, the buyer will be responsible for any real estate taxes, assessments, water or sewer rents which may be due with respect to the mortgaged premises. From the proceeds of the sale of the real property and personal property, the Marshal shall first pay all costs including the costs and expenses of sale; then he shall pay Farm Service Agency the principal amount due on its mortgage totaling $47,950.88, comprising: $42,223.77 in principal and $1,217.55 in interest on the promissory notes and mortgages as of May 2, 2017; $3,971.28 in total taxes and interest paid to the town of Knox on the subject property; and $538.28 for title search fees and accrued interest; then he shall pay Party-in Interest Capital One Bank, N.A. under the Writ of Execution recorded in the Waldo

County Registry of Deeds Book 3659, Page 164 on June 20, 2012 in the amount of $1,035.01. There being no other parties that have appeared in this action, any surplusage shall then be remitted to Defendants.

10. A Report of Sale and Disbursement of any proceeds therefrom shall be filed with the Clerk.  If the plaintiff is the successful purchaser, the report shall indicate the amount of its bid which shall be credited against the amount due under its mortgages and security agreement.

Dated: May 5, 2017

>/s/ John A. Woodcock, Jr.
>JOHN A. WOODCOCK, JR.
>U.S. DISTRICT JUDGE